**KRISTEN L. TRANETZKI**, OSB No. 115730
kristen@angelilaw.com
**JOANNA T. PERINI-ABBOTT**, OSB No. 141394
joanna@angelilaw.com
ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

Attorneys for Plaintiff Lori Bokenfohr

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| LORI BOKENFOHR, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CYNTHIA GLADEN, an individual. <br><br> Defendant. | Case No. 3:17-cv-01870-BR <br><br> **STIPULATED PERMANENT INJUNCTION** |

      Plaintiff Lori Bokenfohr has filed a complaint against Defendant Cynthia Gladen. To resolve the issues raised in that Complaint against Gladen, Bokenfohr and Gladen have entered into a settlement agreement, which requires entry of this Stipulated Permanent Injunction.

      Bokenfohr and Gladen have consented to entry of this Stipulated Permanent Injunction without trial or further adjudication of any issue of law or fact herein. Gladen agrees that this Court shall retain jurisdiction over her for purpose of implementing and enforcing this Stipulated Permanent Injunction.

NOW, THEREFORE, Plaintiff Bokenfohr and Defendant Gladen having requested the Court to enter this Stipulated Permanent Injunction, it is hereby ordered, adjudged, and decreed:

## FINDINGS

1. The Court has jurisdiction of the subject matter of this case and over all parties hereto.

2. Defendant Cynthia Gladen agrees to entry of this Stipulated Permanent Injunction.

3. Defendant Cynthia Gladen has waived all rights to seek judicial review or otherwise challenge or contest the validity of this Stipulated Permanent Injunction.

4. The parties shall each bear their own costs and attorneys' fees incurred in this action.

## ORDER

5. Defendant Cynthia Gladen is permanently enjoined from directly or indirectly copying, saving, accessing, using, disclosing, or possessing the subject data, as identified in the spreadsheet attached as Exhibit 1 to the Parties' Settlement Agreement and Release, also attached to this Stipulated Permanent Injunction as Exhibit A, and filed under seal (hereinafter, "Bokenfohr's Data") in any format, including but not limited to electronic and paper formats.

6. As this litigation is now concluded, any copies of Bokenfohr's Data that were previously maintained for litigation purposes shall now be permanently deleted and/or destroyed by Defendant Cynthia Gladen and her counsel and IT consultants.

7. By agreeing to this Stipulated Permanent Injunction, Defendant Cynthia Gladen reaffirms and attests that she no longer possesses any of Bokenfohr's Data (including for litigation purposes) and she hereby reaffirms and attests that none of the individuals with whom she has shared Bokenfohr's Data has it or access to it, nor is she aware that any other person or entity possesses Bokenfohr's Data in any form. Defendant Gladen further reaffirms and attests that she has fully complied with Defendants' Return and Deletion Plan, set forth in the parties' Stipulation entered on June 27, 2018 (attached as Exhibit B to this Stipulated Permanent Injunction), and that for the purposes of this Stipulated Permanent Injunction, any reference to

"flash drive" or plaintiff's data in the Defendants' Return and Deletion Plan shall be deemed to be a reference to the Bokenfohr's Data, as defined herein. Plaintiff Bokenfohr's agreement to this Stipulated Permanent Injunction is expressly premised upon the truthfulness, accuracy, and completeness of Defendant Cynthia Gladen's representation with respect to the deletion and/or destruction of the Bokenfohr's Data.

8. Defendant Cynthia Gladen affirms that she has not breached Defendants' Return and Deletion Plan. Defendant Gladen's obligations under the Defendants' Return and Deletion Plan have remained and will remain in effect indefinitely, and that none of the requirements under Defendants' Return and Deletion Plan are unreasonable or unworkable. This includes the requirement that should Defendant Gladen discover at any time that she or anyone else has inadvertently or otherwise retained or otherwise comes into possession of any of Bokenfohr's Data, that Defendant Gladen shall notify Bokenfohr's counsel within three business days and promptly produce such documents or information to Bokenfohr's counsel and that she shall further provide the information required under Defendants' Return and Deletion Plan from third parties in possession of Bokenfohr's Data. After doing so, Defendant Gladen will permanently delete such documents or information from all her devices and accounts.

9. In an action to enforce this Stipulated Injunction, the prevailing party shall be entitled to her reasonable attorney fees.

SO ORDERED this  7th  day of                February               , 2022

/s/ Karin J. Immergut
UNITED STATES DISTRICT JUDGE

719200.0001/8850211.1

Consented and Agreed to:

FOR PLAINTIFF

_____

FOR DEFENDANT

DocuSigned by:
Cynthia Gladen
_____

# EXHIBIT A

# FILED UNDER SEAL - HAND DELIVERED TO THE COURT

# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LORI BOKENFOHR**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **CYNTHIA GLADEN**, an individual; and **CHRISTINE GUIDERA**, an individual, <br><br> Defendants. | Case No. 3:17−cv−01870−BR <br><br> **STIPULATION** |

Defendants' Return and Deletion Plan is attached as Exhibit 1. The parties stipulate that the measures described in paragraph I, III, IV and V of the Plan should occur.

IT IS SO STIPULATED this 27th day of June, 2018.

By: s/ Kristen L. Tranetzki
    Kristen L. Tranetzki, OSB No. 115730
    kristen@angelilaw.com
    Edward A. Piper, OSB No. 141609
    edward@angelilaw.com
    Angeli Law Group LLC
    121 SW Morrison Street, Suite 400
    Portland, OR 97204
        Attorneys for Plaintiff

By: s/ John J. Dunbar
    John J. Dunbar, OSB No. 842100
    jdunbar@lvklaw.com
    Larkins Vacura Kayser LLP
    121 SW Morrison Street, Suite 700
    Portland, OR 97204
        Attorney for Defendant Cynthia Gladen


By: s/ Heather St. Clair
    Jeffrey M. Edelson, OSB No. 880407
    jeffedelson@markowitzherbold.com
    Heather St. Clair, OSB No. 154252
    heatherstclair@markowitzherbold.com
    Markowitz Herbold PC
    1211 SW Fifth Avenue, Suite 3000
    Portland, OR 97204
        Attorneys for Defendant Christine Guidera

John J. Dunbar, OSB No. 842100
jdunbar@lvklaw.com
Larkins Vacura Kayser LLP
121 SW Morrison St., Ste. 700
Portland, Oregon 97204
Ph: (503-222-4424)
Fax: (503-827-7600)
    Attorney for Defendant Cynthia Gladen

Jeffrey M. Edelson, OSB No. 880407
jeffedelson@markowitzherbold.com
Heather St. Clair, OSB No. 154252
heatherstclair@markowitzherbold.com
Markowitz Herbold PC
1211 SW Fifth Avenue Suite 3000
Portland, OR 97204
Ph: 503-295-3085
Fax: 503-323-9105
    Attorneys for Defendant Christine Guidera

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LORI BOKENFOHR, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>CYNTHIA GLADEN, an individual, and CHRISTINE GUIDERA, an individual,<br><br>    Defendants. | CASE NO.: 3:17-cv-01870-BR<br><br>**DEFENDANTS' RETURN AND DELETION PLAN** |

    I.    Cynthia Gladen and Christine Guidera will carry out this plan for the

identification, return of all copies, and permanent deletion from their devices and accounts of all

documents containing images of plaintiff or that otherwise are believed to have originated from plaintiff's computer (the "Plan"), as described below.

II. This data was obtained from a Flash Drive (which plaintiff describes as a solid-state drive or SSD) ("Flash Drive"). Gladen delivered the Flash Drive to Kenneth Kolarsky in June 2016. Prior to that, in January 2016, Gladen had a copy of the Flash Drive made to an External Hard Drive, which is currently in the possession of Gladen's electronic discovery attorney, Thomas Howe.

III. Images of Bokenfohr and other information that apparently originated from Bokenfohr's computer were found on the Flash Drive. Defendants seek to carry out this Plan in a way that minimizes both cost and the potential exposure of data, while preserving information solely for litigation purposes. The Plan entails the following steps:

    A. <u>Document Identification</u>. By July 13, 2018, without waiver of any applicable privilege or work product protection, Gladen's counsel will provide to Bokenfohr's counsel a spreadsheet prepared by Tom Howe in Excel, .csv, or another standard format (the "Spreadsheet") listing all data on the External Hard Drive and providing at a minimum the following additional information:

        1. The hash values of all electronic documents on the External Hard Drive; and

        2. The file directory name of each document on the External Hard Drive, including each document's file path; and

        3. File name, if any.

    B. <u>Gladen's Documents</u>. Gladen (or, in consultation with Gladen, counsel or a paralegal for Gladen) will review the Spreadsheet and, if necessary, copies of the

documents on the External Hard Drive (without interfering with metadata associated with the documents), to definitively identify on the Spreadsheet any documents or information originally created by Gladen and transferred by her, or on her behalf, onto the Flash Drive (or the External Hard Drive), if any, that she wishes to continue to retain in her possession. By August 10, 2018, Gladen will provide to Bokenfohr a copy of the Spreadsheet that provides the information in paragraph A above and also identifies the documents and information she wishes to retain, and will state whether she is unsure regarding any such designation about the origination of the document.

C. <u>Identification Disputes</u>. If there is uncertainty or a dispute as to the origination of any documents or information from the External Hard Drive, Gladen will promptly work with Bokenfohr, through counsel, to resolve any such uncertainty or dispute, by no later than September 1, 2018.

D. <u>Document Production and Return</u>. By no later than September 22, 2018, Gladen and Guidera, through counsel, will use the hash values and the Spreadsheet to produce to Bokenfohr's counsel copies of all documents and information (including all electronic data, and print or hard copies) that originated from the Flash Drive, other than documents and information that the parties agree were originally created and transferred to the Flash Drive by Gladen.

E. <u>Document Deletion</u>. Using the hash values and/or file directory names for data on the Spreadsheet that originated from Bokenfohr's devices, and after the resolution of any disputes between the parties as described above, Gladen and Guidera will by September 29, 2018 permanently delete all documents and information from the Flash

///

Drive from each of their respective devices and accounts, if any, and state to Ms. Bokenfohr's counsel which accounts documents and information were deleted from. To accomplish the removal of such data in Gladen's Google Photos account, Howe or an assistant, will delete that account in its entirety on behalf of Gladen. The provisions of this paragraph do not apply to any documents and information that the parties agree were originally created and transferred to the Flash Drive, if any (or the External Hard Drive, if any) by or on behalf of Gladen.

F.  <u>Gladen Third Party Protocol</u>.  Gladen sent documents containing images of Ms. Bokenfohr to Third Persons.  By July 20, 2018, Gladen will ask these Third Persons to provide a copy of the information (if available) to a paralegal working for Ms. Gladen's counsel, and then delete any such document or information from her computer.  By September 1, 2018, Gladen will provide if possible, a declaration or affidavit from each such Third Person confirming the date the document(s) were received, the method of delivery (such as WhatsApp or text message), and confirming deletion.  Through counsel, Gladen will also provide a copy of the documents received from such Third Person.

G.  <u>Guidera Third Party Protocol</u>.  Guidera sent documents containing images of Ms. Bokenfohr to Third Persons.  Bokenfohr and Guidera agree that Bokenfohr may contact John Dooks and Shanta Roberts to request the deletion of those images from any devices and accounts that have been identified in discovery or may be identified using the Spreadsheet and hash values.  In the event it is discovered during the execution of the

///

///

Plan, that any documents were sent to any other third parties, or were sent using any other accounts or devices, then within 30 days of any such discovery, Guidera will follow the Gladen Third Party Protocol for retrieval and deletion of documents from third parties, as described in paragraph F.

   H. <u>Certification of Plan Completion</u>.  Gladen and Guidera will provide the other parties with an affidavit by a person with first-hand knowledge certifying that the return and deletion of documents has been carried out in accord with this Plan.

 IV. Counsel for each party may retain forensic and litigation copies of documents and information provided to Bokenfohr pursuant to this Plan for litigation purposes only.  Nothing in this Plan should be construed as otherwise canceling or altering any party's preservation obligations.  Following the conclusion of this litigation or any related litigation, including any and all appeals thereof, Gladen and Guidera, through counsel, will permanently delete all images of Bokenfohr and all documents and information identified on the spreadsheet as originating from Bokenfohr's computer, as identified above.  In the event that Gladen or Guidera subsequently discover at any time that she has inadvertently or otherwise retained or otherwise comes into possession of any such documents or information subject to permanent deletion under this Plan, Gladen or Guidera, as appropriate, will promptly notify and produce such documents or information to Bokenfohr's counsel.  After doing so, Gladen or Guidera, respectively, will permanently delete such documents or information from all her devices and accounts.

 V. Should Gladen or Guidera become concerned that any provision in the Plan is unworkable or unreasonable, through counsel, she will confer in good faith, through counsel, with counsel for Bokenfohr about those issues.

///

VI.     This Plan is without admission on any issue, and is not intended to create a contract with Bokenfohr.

DATED:  June 27, 2018.

LARKINS VACURA KAYSER LLP


 s/ John J. Dunbar
John J. Dunbar, OSB No. 842100
jdunbar@lvklaw.com
Counsel for Defendant Cynthia Gladen

MARKOWITZ HERBOLD PC


 s/ Heather St. Clair
Jeffrey M Edelson, OSB No. 880407
jeffedelson@mhgm.com
Heather St. Clair, OSB No. 154252
heatherstclair@markowitzherbold.com
Counsel for Defendant Christine Guidera